IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3220-FL

| | |
|---|---|
| RICKY GAMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIAM BULLARD; SERGEANT ) | |
| GREEN; OFFICER GADDY; AND ) | |
| OFFICER CRIBB, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for judgment on the pleadings (DE # 21) pursuant to Federal Rule of Civil Procedure 12(c) of defendants William Bullard ("Bullard"), Horace M. Green ("Green"), Kathy J. Gaddy ("Gaddy"), and Joseph Cribb ("Cribb"). The motion was fully briefed. Also before the court is plaintiff's motion to amend (DE # 24), to which defendants did not respond. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants plaintiff's motion to amend. The court also grants in part and denies in part defendants' motion for judgment on the pleadings.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate, alleges that, on May 28, 2011, Gaddy and Cribb came to his cell to escort him to the shower. The officers cuffed plaintiff and conducted a "pat and frisk search" while plaintiff was wearing only his boxer shorts and a t-shirt. Compl. p. 4. Plaintiff alleges that, during the search, Gaddy, a female officer, reached between his legs and "rubbed [his] genitals twice like in a[] sexual manner." Id. Plaintiff states that Cribb watched the alleged "pat and frisk" and

did nothing to intervene. Id. Plaintiff further states that Correctional Sergeant Green ordered the alleged search and that unit manager Bullard authorized the alleged search. Plaintiff states that he suffered physical and emotional damages.

On October 31, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Defendants then filed their motion for judgment on the pleadings, which was fully briefed. Plaintiff subsequently filed a motion to amend his complaint to include a jury demand.

**DISCUSSION**

A.  Motion to Amend

Plaintiff seeks to amend his complaint to include a jury demand. The court ALLOWS plaintiff's motion. See Fed. R. Civ. P. 15(a).

B.  Motion for Judgment on the Pleadings

1.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed.R.Civ.P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120

2

F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

    2.    Analysis

        a.    Bullard and Green

Plaintiff's claims against Unit Manager Bullard and Sergeant Green are based upon their positions as supervisors at Tabor. A supervisor may be liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and
>
> (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Beginning with plaintiff's sexual assault claim, plaintiff alleges that Bullard and Green ordered the search at issue. However, plaintiff does not allege that these defendants knew that the search posed a pervasive and unreasonable risk to him. Rather, plaintiff appears to allege that Bullard and Green are indirectly responsible for the alleged sexual assault. Because plaintiff's allegations ascribe no role for Bullard or Green in the alleged sexual assault, his claim is based upon a theory of vicarious liability. A plaintiff may not proceed on a theory of vicarious liability in a

3

§ 1983 action. See Iqbal, 556 U.S. at 676. Accordingly, plaintiff has failed to state a supervisor liability claim on this ground.

The court turns to plaintiff's alleged supervisor liability claim based upon a Tabor policy which permits prison officials to escort inmates to the shower in boxer shorts. Bullard and Green have not addressed this claim. Thus, to the extent Bullard and Green seek dismissal of this claim, their motion is DENIED.

    b.  Gaddy

Gaddy asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

The court first determines whether Gaddy violated plaintiff's constitutional rights. Gaddy argues that plaintiff's Fourth Amendment claim should be dismissed because an inmate does not have a right to unreasonable search and seizure pursuant to the Fourth Amendment to the United

4

States Constitution. However, the Fourth Circuit has recognized a limited Fourth Amendment right to bodily privacy. See Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981); Etters v. Bennett, No. 5:09-CT-3187-D, 2011 WL 976472, at *10 (E.D.N.C. Mar. 16, 2011), appeal dismissed, 444 F. App'x 686 (4th Cir. Aug. 30, 2011); Shroff v. Spellman, 604 F.3d 1179, 1191 (10th Cir. 2010); Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993); Levoy v. Mills, 788 F.2d 1437, 1439 (10th Cir. 1986). Thus, in light of the narrow Fourth Amendment right to bodily privacy, the court DENIES Gaddy's motion for judgment on the pleadings.

Gaddy alternatively argues that plaintiff's claim should be dismissed because his allegations, at most, constitute negligence. In response, plaintiff disputes Gaddy's characterization of the assault. Plaintiff states that the incident was captured on video-tape, and that the video-tape will demonstrate that Gaddy's actions did not constitute negligence. Based upon the foregoing, the court finds it appropriate to allow plaintiff the opportunity to engage in discovery prior to adjudicating this issue. See McMillian v. Wake County Sheriff's Dept., 399 F. App'x 824, at *4 (4th Cir. Oct. 28, 2010) ("McMillian has steadfastly maintained that the jail's surveillance cameras captured the events at issue. The court denied McMillian's request for discovery of any such evidence, finding it was not relevant to Defendant's assertion of qualified immunity. We disagree.") Thus, the court DENIES Gaddy's motion for judgment on the pleadings.

    c.  Cribb

Plaintiff's claim against Cribb is based upon Cribb's alleged failure to protect him from sexual assault in violation of the Eighth Amendment to the United States Constitution. In his motion for judgment on the pleadings, Cribb argues that plaintiff pleads no facts from which it can be inferred that he was complicit or was in a position to intervene and stop the alleged assault. To state

an Eighth Amendment duty-to-protect claim pursuant to § 1983 against prison officials, the inmate must satisfy two requirements: (1) the "deprivation alleged must be, objectively, sufficiently serious," and (2) "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 833 (1994).

In this case, plaintiff's allegations focus on Gaddy's alleged inappropriate search. Plaintiff does not ascribe any role in the alleged assault to Cribb. Nor does plaintiff allege that he complained to Cribb or that he took any action at all to alert Cribb to the fact that Gaddy was engaging in inappropriate contact. Accordingly, plaintiff has not alleged facts from which the court could infer that Cribb knew of and disregarded an excessive risk to his health and safety. Thus, Cribb is entitled to judgment on the pleadings for plaintiff's claims against him. See, e.g., Thrower v. Alvies, 425 F. App'x 102, at *3 (3d Cir. May 2, 2011) (granting summary judgment on the plaintiff's failure to protect claim where he failed to demonstrate that the defendants knew that he was in danger of being raped); Hodges v. Pulaski County Regional Detention Facility, 163 F.3d 602, at *1 (8th Cir. Oct. 2, 1998) ("Having reviewed the record, we conclude that dismissal was proper because Hodges failed to offer evidence that the defendants' response to the threat of harm to Hodges was unreasonable.").

## CONCLUSION

Based upon the foregoing, plaintiff's motion to amend (DE # 24) is GRANTED. The court also GRANTS in part and DENIES in part defendants' motion for judgment on the pleadings (DE # 21). The court GRANTS defendants' motion as to plaintiff's claim against Cribb and

6

plaintiff's supervisor liability claim, which arose out of the alleged sexual assault, against Bullard and Green. The remainder of defendants' motion is DENIED.

SO ORDERED, this the 16th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

7